**Sukhwinder Singh CHANDI, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–71154.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Dec. 28, 2009.

Inna Lipkin, Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anh–Thu P. Mai, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM** **

Sukhwinder Singh Chandi, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000), and we deny the petition for review.

Chandi testified the police detained him in 2000, as part of an investigation of a recent bomb explosion, and detained him again in 2001, as part of an investigation of a passenger in Chandi's taxi. Because his detentions related to legitimate investigations, substantial evidence supports the IJ's finding that Chandi failed to establish past persecution or a well-founded fear based on Chandi's actual or imputed political opinion. *See Dinu v. Ashcroft,* 372 F.3d 1041, 1043–44 (9th Cir.2004). Accordingly, Chandi's asylum claim fails.

Because Chandi failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See id.* at 1045.

Substantial evidence supports the IJ's conclusion that Chandi did not establish it is more likely than not that he will be tortured if returned to India, and accordingly his CAT claim fails. *See Kohli v. Gonzales,* 473 F.3d 1061, 1071 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.